STATE EX REL. ILLGES, Plaintiff, vs. KOPP, Circuit Judge, Defendant.

*January 14—February 25, 1947.*

For the plaintiff there was a brief by *Cavanagh, Stephenson, Mittelstaed & Sheldon* of Kenosha, attorneys, and *R. Stanley Kelly* of Burlington, attorney for Louise Hamm, administratrix of the estate of John Hamm, and oral argument by *William A. Sheldon.*

For the defendant there was a brief by *Godfrey & Pfeil* of Elkhorn, and oral argument by *Alfred L. Godfrey.*

ROSENBERRY, C. J. The question for determination here is whether the judgment entered by the trial court was entered in conformity with the mandate of this court filed on the 4th day of December, 1945, in the case of *Illges v. Congdon,* reported in 248 Wis. 85, 20 N. W. (2d) 722, 21 N. W. (2d) 647.

Upon consideration of the mandate, which is as follows: "Judgment reversed, and cause remanded for further proceedings in accordance with this opinion," and the judgment * entered by the trial court on October 7, 1946, it is held that the judgment entered complied with the mandate of this court. However, subsequent proceedings are subject to review on a second appeal. The issues which were determined in the course of the subsequent proceedings cannot be reviewed or modified on an application for writ of *mandamus* to compel the circuit court to enter the proper judgment. Such matters can only be considered on the second appeal. The judgment of the trial court having been entered in conformity with the mandate, the petition of the relator must be dismissed.

The relator argues, in support of his contention that the judgment entered by the trial court was not in conformity with the mandate, that this court in considering the evidence upon the appeal in the case of *Illges v. Congdon, supra,* violated the due-process clause of the Fourteenth amendment to the constitution of the United States for the reason that this court is without power to make findings of fact. This contention cannot be sustained and raises no question either under the constitution of the state of Wisconsin or the constitution of the United States.

*By the Court.*—The petition for writ of *mandamus* is denied upon the merits.

---

* The judgment is not set out in full because of its length, and for the further reason that it will be considered upon the second appeal now pending in this court.